OBED HOWARD *v.* WILLIS HISLE.

**Appeal and Error—Continuance—Diligence.**

> A party is not entitled to a continuance, on account of the absence
> of his witnesses, unless he has used such diligence as to place himself
> in a position to compel their attendance by attachment.

APPEAL FROM ESTILL CIRCUIT COURT.

June 9, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

We do not think, under all the circumstances, the court abused
it's discretion in overruling the motion for a continuance, and
ruling the defendant to go to trial. If the facts disclosed in his
affidavit, to have authorized a continuance in an ordinary case,
where the party asking, it had been guilty of no previous *laches,*
as it does not appear that the defendant, although ruled to prepare
for trial in June, 1866, and again in June, 1867, had used such
diligence as to place himself in a position to compel the attendance
of his absent witnesses by attachment, the court properly refused
to grant him further indulgence on the grounds disclosed by his
affidavit.

Nor does it appear to us, that the judgment is erroneous, for
the reason assigned that the verdict is not responsive to the issue.
It is reasonably certain from the verdict that the jury meant to
find for the plantiff the debt in the petition mentioned, subjected
to the credits stated, and we think the court rightly so regarded the
verdict. It does not appear that the court erred in instructing the
jury, but if it did, the error is not available in this court, as it is
not shown in the record that when the instructions were given,
they were objected to, or any exception was then taken to the action
of the court in giving them.

We do not feel authorized to disturb the judgment on the ground
that the verdict is not sustained by the evidence. If, as suggested,
the pleadings in the proceedings for a new trial disclosed a pay-
ment not appearing to have been allowed, it does not appear that
the fact thus disclosed was placed before the jury, or that the

court was asked to direct the credit to be allowed by any instruction based on the pleadings referred to.

Wherefore, the judgment is *affirmed*.

*Turner, for appellant.*

*Burnam, for appellee.*